Pleading and practice; interlocutory review; leave to except out of time to trial judge’s order. — On May 9,1980 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
Defendant has moved, pursuant to Rule 53(c)(2), for an interlocutory review of the trial judge’s order of April 10, 1980, which denied defendant’s motion of April 9, 1980, for leave to file out of time, and on that day, its requested findings of fact, brief, and response to plaintiffs motion for certain changes in the trial transcript, and to file objections to plaintiffs proposed findings of fact. The trial judge’s order stated that it was without prejudice to the right of defendant to except to the trial judge’s findings of fact, opinion, and recommended conclusion of law.
By means of two earlier motions, defendant requested and was granted two time extensions totaling 120 days for filing its papers. On March 18, 1980, defendant filed a third motion for a time extension of an additional period of 45 days. March 18 was the date on which its submissions were *618 due. The motion was denied by the trial judge, as noted above. On April 14, 1980, he filed his decision, holding in plaintiffs favor.
Pleading that defendant’s delay was by reason of other court commitments and change of counsel and that defendant would be irreparably prejudiced by the trial judge’s disallowance of its motion for leave to file out of time, defendant points to Rule 134(g)(2) and (3) which provides that where a party has not requested a particular finding of fact the court may refuse to consider an exception to the trial judge’s decision for failure to make such a finding and that, unless a party has objected to a particular requested finding, the court may refuse to consider an exception to the inclusion of such finding in the trial judge’s decision. We have weighed the contesting views of the parties in this matter and conclude that the administration of justice will best be served in the circumstances by the court’s exercise of its discretion to permit defendant to except to the trial judge’s decisión consisting of his findings, opinion, and conclusion of law.
it is therefore ordered that if plaintiff does not indicate an intention to except, as provided by Rule 141, defendant may have 45 days from the expiration of plaintiffs time to do so, or from the date of his statement that he will not except, within which to file defendant’s exceptions and brief to the trial judge’s decision. Further times for exceptions and briefing will be as provided in Rule 143, Defendant’s motion to set aside the trial judge’s order is denied. Defendant’s motion, in the alternative, for leave to except to the trial judge’s decision is granted.